UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EVANS,<br>　　　　Plaintiff,<br>　v.<br>PRESIDIO TRUST,<br>　　　　Defendant. | Case No. 19-cv-08025-HSG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION TO SEAL**<br>Re: Dkt. Nos. 3, 11 |

On December 9, 2019, Plaintiff Robert Evans, representing himself, filed a complaint against Defendant Presidio Trust for trade secret misappropriation in violation of the Defense of Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and the California Uniform Trade Secrets Act ("CUTSA"), California Civil Code § 3426. *See* Dkt. No. 1. That same day, Plaintiff filed a motion to proceed *in forma pauperis*. *See* Dkt. No. 3. On December 23, 2019, the Court denied the motion, but granted Plaintiff the opportunity to amend the complaint to cure the deficiencies that the Court identified. *See* Dkt. No. 9. Plaintiff timely filed a first amended complaint, *see* Dkt. No. 10 ("FAC"), and an accompanying motion to file under seal, *see* Dkt. No. 11. The Court considers Plaintiff's motion to proceed *in forma pauperis* in light of the amended complaint, as well as the motion to seal.

**I.　MOTION TO PROCEED IN FORMA PAUPERIS**

　　**A.　Legal Standard**

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action and that the action states a claim on which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Section 1915(e)(2) mandates that

the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234, & n.8. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court construes the complaint liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B. Discussion**

In denying Plaintiff's motion to proceed *in forma pauperis* initially, the Court explained that Plaintiff's complaint did not contain any description of the trade secrets. *See* Dkt. No. 9. The Court directed Plaintiff to file an amended complaint that provided sufficient detail regarding the subject matter of the trade secrets to allow the Court to evaluate whether the purported trade secrets are distinguishable from matters of general knowledge. *See id.* (citing *Space Data Corp. v. X*, No. 16-CV-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017)). Having reviewed the FAC, the Court finds that Plaintiff has not provided this detail. The FAC remains almost identical to the original complaint, with the exception of ¶ 23, entitled "Disclosure of Trade Secrets." *See* Dkt. No. 10 at 8. Rather than provide any information about the subject matter of

2

the trade secrets in the complaint, however, Plaintiff states that the "[d]escription of the trade secrets is included in Exhibit 4." *See id.* Plaintiff then attaches two unredacted exhibits to the administrative motion to seal, Exhibits 2 and 4. *See* Dkt. No. 11. Collectively, Plaintiff has attached over thirty pages of alleged trade secrets. *Id.* However, critically, Plaintiff still does not explain the subject matter of these trade secrets, and it is not self-evident from the face of the documents.

The Court understands that Plaintiff is concerned about making public his alleged trade secrets. But as the Court explained in its prior order, to prove that a plaintiff is the owner of a trade secret, a plaintiff "need not 'spell out the details of the trade secret," but must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Space Data Corp. v. X*, No. 16-CV-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017) (quotations omitted). Plaintiff must, therefore, provide sufficient detail to give both the Court and Defendant adequate notice of the boundaries of the alleged trade secrets and an opportunity to assess whether Plaintiff's purported trade secrets are distinguishable from matters of general knowledge.

The Court finds that the FAC still fails to state a claim on which relief may be granted and accordingly **DENIES** the motion to proceed *in forma pauperis* and **DISMISSES** the amended complaint.

## II. MOTION TO FILE UNDER SEAL

Plaintiff also moves to seal two documents, which he contends contain the trade secrets at issue in this action. *See* Dkt. No. 11. He attaches these unredacted documents as Exhibits 2 and 4 to the administrative motion to file under seal. *See* Dkt. No. 11-3, Ex. 2; Dkt. No. 11-5, Ex. 4.

### A. Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records

3

and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id. at 1179* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

**B.  Discussion**

Plaintiff filed a motion to file under seal the documents that purportedly contain his trade secrets at issue in this action. *See* Dkt. No. 11. The Court presumes that these documents are intended to supplement the FAC. *See* Dkt. No. 3 at 8 (citing to "Exhibit 4"). Because the complaint is more than tangentially related to the merits of the case, the compelling reasons standard governs the motion to seal. *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (finding compelling reasons

1  standard governed motion to seal portions of the complaint).

However, as explained above, it is unclear from these additional documents—even when read in conjunction with the complaint—what within these pages are the purported trade secrets. Plaintiff's accompanying declaration merely concluded that he has personal knowledge of the "facts, data, and information comprising the trade secrets" contained in these documents. *See* Dkt. No. 11. The Court finds that Plaintiff has not shown a compelling reason why the material should be sealed, and **DENIES** the motion to file under seal.

## III. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** the complaint.

Despite these deficiencies, the Court cannot say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiff may still be able to allege sufficient facts to state a claim under both DTSA and CUTSA. *See Lopez*, 203 F.3d at 1130. Therefore, Plaintiff shall file an amended complaint by no later than April 10, 2020. In the amended complaint, Plaintiff should clearly identify the facts supporting each of the two claims under DTSA and CUTSA, including sufficient detail regarding the subject matter of the trade secrets at issue. To the extent Plaintiff directs the Court to specific documents, he should still provide an explanation identifying the documents and explaining their significance. The Court cautions that Plaintiff's amended complaint will be dismissed without leave to amend if he does not correct the deficiencies the Court has identified in this order.

Alternatively, Plaintiff may proceed with this action by paying the required filing fee by April 10, 2020.

The Court advises Plaintiff that the Legal Help Center at both the San Francisco and Oakland Federal Courthouses provides free information and limited-scope legal advice to *pro se* litigants in civil cases. Services are provided by appointment only. An appointment may be scheduled by either: (1) signing up in the appointment book located outside the door of the Legal

Help Center in San Francisco or Oakland, or (2) calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org.

Further, the Court **DENIES** Plaintiff's administrative motion to seal. Dkt. No. 11. Pursuant to Civil Local Rule 79-5(f), within seven (7) days of this order, Plaintiff must file unredacted versions of the documents. Or, Plaintiff may file a renewed motion to file under seal within seven (7) days of this order if he can articulate why there is a compelling reason to seal the material.

The Court also **VACATES** the case management conference currently scheduled for March 17, 2020.

**IT IS SO ORDERED.**

Dated: 3/11/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge