UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT EVANS,

    Plaintiff,

v.

PRESIDIO TRUST,

    Defendant.

Case No. 19-cv-08025-HSG

**ORDER DIRECTING PLAINTIFF TO SERVE DEFENDANT**

Plaintiff Robert Evans, representing himself, filed this action on December 9, 2019. *See* Dkt. No. 1. In addition to filing the complaint, he also filed a motion to proceed *in forma pauperis*. *See* Dkt. No. 3. The Court denied Plaintiff's motion and dismissed the complaint for failing to state a claim under the Defense of Trade Secrets Act and the California Uniform Trade Secrets Act. *See* Dkt. No. 9. Plaintiff amended his complaint and again sought to proceed *in forma pauperis*. *See* Dkt. No. 10. On March 11, 2020, the Court again denied Plaintiff's motion to proceed *in forma pauperis* and dismissed the complaint for failure to state a claim. *See* Dkt. No. 13. The Court cautioned that the complaint would be dismissed without leave to amend if Plaintiff did not correct the deficiencies identified in the order. *Id.* at 5. In the order, the Court also noted that Plaintiff could alternatively proceed with the action by paying the filing fee. *Id.* On April 9, 2020, Plaintiff elected to pay the filing fee rather than seek to proceed *in forma pauperis*. *See* Dkt. No. 14.

In reviewing the docket, however, Plaintiff does not appear to have served Defendant Presidio Trust. A plaintiff must serve each defendant with a summons and complaint within ninety days of filing the complaint. *See* Fed. R. Civ. P. 4(m). To do so, the plaintiff must serve the proper entity in the proper way. Federal Rule of Civil Procedure 4(i) explains how to serve a

United States agency or corporation:

> [A] party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2). In turn, to serve the United States, a party must:

> (A) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States designates in a writing filed with the court clerk—or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorneys' office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C., and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)–(C) (emphasis added).

Here, there is nothing on the docket to indicate that Defendant was properly served. However, given the discretion afforded to district courts in extending time for service even in the absence of good cause, coupled with Plaintiff's pro se status, the Court declines to dismiss this action based on Plaintiff's failure to serve timely. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512–13 (9th Cir. 2001) (discussing Rule 4(m)'s "good cause" standard and the discretion afforded a district court in extending the time for service even in the absence of good cause).

Accordingly, Plaintiff is **DIRECTED** to complete proper service on Defendants by June 15, 2020. If Plaintiff fails to complete service by this deadline, the case will be dismissed without prejudice under Rule 4(m).

//

//

//

//

1  Plaintiff is encouraged to seek assistance at the Legal Help Center, which provides free
2  information and limited-scope legal assistance to pro se litigants.  More information about the
3  Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help.  Appointments may be
4  scheduled either over the phone at (415) 782-8982 or by email at
5  federalprobonoproject@sfbar.org.

**IT IS SO ORDERED.**

Dated:   5/5/2020

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge