UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EVANS,<br><br>        Plaintiff,<br><br>  v.<br><br>PRESIDIO TRUST,<br><br>        Defendant. | Case No. 19-cv-08025-HSG<br><br>**ORDER PROVISIONALLY GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 36 |

Plaintiff Robert Evans moves to seal several documents, which he contends "are protectable as trade secrets." *See* Dkt. No. 36. For the reasons set forth below, the Court provisionally **GRANTS** Plaintiff's administrative motion.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1   vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2   scandal, circulate libelous statements, or release trade secrets." *Id. at 1179* (quoting *Nixon v.*
3   *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records
4   may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5   without more, compel the court to seal its records." *Id.*
6         The Court must "balance[] the competing interests of the public and the party who seeks to
7   keep certain judicial records secret.  After considering these interests, if the court decides to seal
8   certain judicial records, it must base its decision on a compelling reason and articulate the factual
9   basis for its ruling, without relying on hypothesis or conjecture." *Id.*  Civil Local Rule 79-5
10  supplements the compelling reasons standard set forth in *Kamakana*:  the party seeking to file a
11  document or portions of it under seal must "establish[] that the document, or portions thereof, are
12  privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The
13  request must be narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).

**II.  DISCUSSION**

15        Plaintiff filed a motion to file under seal the documents that purportedly contain trade
16  secrets.  *See* Dkt. No. 36.  The Court presumes that these documents are intended to be used in
17  Plaintiff's upcoming opposition to the motion to dismiss, due October 16, 2020, and relate to the
18  purported trade secrets at issue in this action.  *See* Dkt. No. 34.  Because Plaintiff moves to file
19  documents related to a dispositive motion, the Court will apply the compelling reasons standard.
20        Plaintiff identifies pages of materials that he argues constitute trade secrets because they
21  describe his proprietary strategies for the Presidio to reach its financial self-sufficiency goals.  *See*
22  Dkt. No. 36-4 at pp. 3–6; *id.* at pp. 11–12 at ¶ 3; *id.* at pp. 15–22 at ¶¶ 6, 8–10; *id.* at pp. 24–26 at
23  ¶ 13; *id.* at pp. 27–65 at ¶¶ 15, 17–23, 25–30, 32–33, 36–37, 39; *id.* at pp. 67–92 at ¶¶ 44A–44C,
24  45–57.  Plaintiff further has attempted to narrowly tailor the redactions to just those pages that
25  purportedly contain trade secrets.  *See id.*  The Defense of Trade Secrets Act ("DTSA"), 18 U.S.C.
26  § 1836, and the California Uniform Trade Secrets Act ("CUTSA"), California Civil Code § 3426,
27  define a trade secret as information that (1) derives its economic value from not being generally
28  known, and (2) is subject to reasonable measures of secrecy by its owner.  *See* 18 U.S.C.

2

1  § 1839(3); Cal. Civ. Code § 3426.1(d).

2        If these financial processes and strategies in fact constitute trade secrets under the DTSA
3  and CUTSA, as opposed to matters of general knowledge within the industry, then compelling
4  reasons exist for sealing documents that describe them. *Cf. Diodes, Inc. v. Franzen*, 260 Cal. App.
5  2d 244, 252 (Ct. App. 1968) ("One who seeks to protect his trade secrets from wrongful use or
6  disclosure does not have to spell out the details of the trade secret to avoid a demurrer to a
7  complaint. To so require would mean that the complainant would have to destroy the very thing
8  for which he sought protection by making public the secret itself."). The validity of Plaintiff's
9  purported trade secrets lies at the heart of this case. The Court will therefore provisionally grant
10 Plaintiff's motion to file under seal, and will revisit the motion once Plaintiff's purported trade
11 secrets are evaluated on the merits.

12       Plaintiff also seeks to file under seal a paragraph that contains personal information. *See*
13 Dkt. No. 36-4 at pp. 10–11 at ¶ 2. Plaintiff has provided a compelling reason for sealing the
14 selected portions of ¶ 2 because it contains personal information about Plaintiff's health history.
15 *See Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966, 2015 WL 5355398, at *3 (N.D. Cal. Sept. 14,
16 2015) ("Plaintiff's interest in preserving the privacy of her sensitive mental health records
17 constitutes a compelling reason to seal"); *Vietnam Veterans of Am. v. C.I.A.*, No. C 09-0037, 2012
18 WL 1094360, at *1 (N.D. Cal. Mar. 29, 2012) (sealing exhibits containing "sensitive personal
19 information about certain individuals, including health records").

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

3

United States District Court
Northern District of California

### III. CONCLUSION

Accordingly, the Court provisionally **GRANTS** Plaintiff's administrative motion to seal. Dkt. No. 36. The Court cautions Plaintiff that this order does not constitute a determination on the merits that Plaintiff has in fact identified protectable trade secrets under the DTSA or CUTSA. And to the extent the Court reaches the merits and ultimately concludes that the materials do not constitute trade secrets, the Court will unseal those materials in their entirety.

**IT IS SO ORDERED.**

Dated: 10/6/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

### III. CONCLUSION

Accordingly, the Court provisionally **GRANTS** Plaintiff's administrative motion to seal. Dkt. No. 36. The Court cautions Plaintiff that this order does not constitute a determination on the merits that Plaintiff has in fact identified protectable trade secrets under the DTSA or CUTSA. And to the extent the Court reaches the merits and ultimately concludes that the materials do not constitute trade secrets, the Court will unseal those materials in their entirety.

**IT IS SO ORDERED.**

Dated: 10/6/2020

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge