UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EVANS,<br><br>        Plaintiff,<br><br>v.<br><br>PRESIDIO TRUST,<br><br>        Defendant. | Case No. 19-cv-08025-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 30, 43 |

Pending before the Court are Defendant Presidio Trust's motion to dismiss the second amended complaint and Plaintiff Robert Evans' motion for leave to file a third amended complaint. Dkt. Nos. 30, 43. The Court held a telephonic hearing on November 12, 2020. *See* Dkt. No. 48. For the reasons detailed below, the Court **GRANTS** the motion to dismiss and **DENIES** the motion for leave to file an amended complaint.

## I. BACKGROUND

On December 9, 2019, Plaintiff, representing himself, filed a complaint against Defendant for trade secret misappropriation in violation of the Defense of Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and the California Uniform Trade Secrets Act ("CUTSA"), California Civil Code § 3426. *See* Dkt. No. 1. That same day, Plaintiff filed a motion to proceed *in forma pauperis*. *See* Dkt. No. 3. On December 23, 2019, the Court denied the motion, but granted Plaintiff the opportunity to amend the complaint to cure the deficiencies that the Court identified. *See* Dkt. No. 9. Plaintiff timely filed a first amended complaint ("FAC"). *See* Dkt. No. 10. The Court reconsidered the motion to proceed *in forma pauperis* in light of the FAC, and again denied Plaintiff's motion, finding that Plaintiff still failed to provide sufficient detail regarding the subject matter of the trade secrets to allow the Court to evaluate whether the purported trade secrets are

distinguishable from matters of general knowledge. *See* Dkt. No. 13. Rather than curing the deficiencies in the FAC, Plaintiff paid the required filing fee, Dkt. No. 14, and served Defendant, Dkt. Nos. 17–19.

On August 14, 2020, Defendant filed a motion to dismiss the FAC. *See* Dkt. No. 23. However, rather than oppose the motion, Plaintiff filed his second amended complaint ("SAC"). Dkt. No. 26. The Court terminated the motion to dismiss as moot in light of the SAC. Dkt. No. 29. Defendant then filed the instant motion to dismiss the SAC. Dkt. No. 30. Plaintiff did not initially file an opposition to the motion. Instead, he filed an administrative motion to file under seal documents that purportedly contain the trade secrets at issue in this case. *See* Dkt. No. 36. Plaintiff also filed a third amended complaint ("TAC"). Dkt. No. 40. On October 6, 2020, the Court provisionally granted the administrative motion to file under seal. *See* Dkt. No. 39. And on October 19, 2020, the Court struck the TAC as improper. *See* Dkt. No. 41. As the Court explained, under Federal Rule of Civil Procedure 15(a)(2), Plaintiff may not amend his complaint without either Defendant's written consent or leave of the Court. *Id.* Plaintiff subsequently filed an opposition to the motion to dismiss as well as a motion for leave to file the TAC. *See* Dkt. Nos. 42, 43. The Court now considers both the motion to dismiss as well as Plaintiff's motion for leave to file an amended complaint.

**II.    LEGAL STANDARD**

**A.    Federal Rule of Civil Procedure 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction. The plaintiff has the burden to establish that subject matter jurisdiction is proper. *See Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (noting that "[i]t is to be presumed that a cause lies outside . . . [a federal court's] jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction"). To meet this burden, the pleading party must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

**B. Federal Rule of Civil Procedure 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

**III. DISCUSSION**

As with Plaintiff's initial complaint and FAC, the SAC asserts two causes of action: the first for violation of the DTSA, and the second for violation of the CUTSA. *See* SAC at ¶¶ 29–34. Both claims arise from the alleged misappropriation of trade secrets disclosed by Plaintiff to Defendant on two occasions in 1998. *See* SAC at ¶ 8. Plaintiff alleges that his "misappropriated trade secrets were the most important factor that the Presidio Trust needed to accomplish its Congressional mandate to become financially self-sufficient by 2013" and that "[t]he Presidio Trust would have never [] accomplished this mandate without the use of Plaintiff's trade secrets."

3

1  *Id.* at ¶ 11.  Plaintiff describes these purported trade secrets as "method(s), pattern(s), process(es),
2  and/or techniques" to assist Defendant in "obtain[ing] financial self-sufficiency."  *Id.* at ¶ 18; *see*
3  *also* Dkt. No. 36-3 at 5.

### A.  Sovereign Immunity

As a threshold matter, Defendant argues that Plaintiff's DTSA claim is barred by sovereign immunity.  *See* Dkt. No. 30 at 4–6.  A Rule 12(b)(1) motion is appropriate where a claim is barred by the doctrine of sovereign immunity.  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) ("The United States, as a sovereign, is immune from suit unless it has waived its immunity.").  In addition, "[t]he United States must waive its sovereign immunity before a federal court may adjudicate a claim brought against a federal agency."  *Rattlesnake Coal. v. U.S. EPA*, 509 F.3d 1095, 1103 (9th Cir. 2007).  Otherwise, the court lacks subject matter jurisdiction over the claims.  *Id.*  A waiver of sovereign immunity "must be unequivocally expressed in the statutory text."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  The party bringing suit has the burden of directing a court to the unmistakable waiver.  *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189 (9th Cir. 1970) ("A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.").

The DTSA authorizes the "owner of a trade secret that is misappropriated" to bring a civil action, 18 U.S.C. § 1836(b)(1), and grants district courts original jurisdiction over such cases.  *See* 18 U.S.C. §§ 1836(b)(1), (c).  The DTSA also contains a limitation that it "does not prohibit or create a private right of action" with regard to "any otherwise lawful activity conducted by a governmental entity of the United States, a State, or a political subdivision of a State . . . ."  *See* 18 U.S.C. § 1833(a)(1).  In the SAC, Plaintiff points to this provision and suggests that the statute is thus "neutral" as to whether the United States can be sued under the DTSA.  *See* SAC at ¶ 22.

Even assuming this interpretation is correct, Plaintiff does not explain why sovereign immunity would not still preclude suit against Defendant, "a wholly owned government corporation." *See* 16 U.S.C. §§ 460bb *et seq.*; *see also* Omnibus Parks and Public Lands Management Act of 1996, Pub. L. 104–333, § 103(c)(10), 110 Stat 4093 (1996). Plaintiff has not identified and the Court has not found a provision in the DTSA that contains any unequivocal waiver of the federal government's sovereign immunity. *Cf. MedSense, LLC v. Univ. Sys. of Maryland*, 420 F. Supp. 3d 382, 392 (D. Md. 2019) ("[A] review of the DTSA does not indicate that it was Congress' intent to abrogate a state's Eleventh Amendment immunity by permitting a private party to bring forth a civil suit in federal court"); *Fast Enterprises, LLC v. Pollack*, No. 16-CV-12149-ADB, 2018 WL 4539685, at *4 (D. Mass. Sept. 21, 2018) ("[I]t is entirely reasonable to read the statute as demonstrating that Congress did not intend for the DTSA to abrogate state sovereign immunity or to otherwise interfere with lawful policy decisions made by state legislatures concerning the activities of the state.").

Plaintiff suggests instead that the Federal Tort Claims Act ("FTCA") somehow provides the jurisdictional vehicle necessary to sue Defendant under the DTSA. *See* SAC at § 21. The FTCA, however, is a limited waiver of sovereign immunity. Under the FTCA, the United States has only consented to be sued for tort damages "caused by the negligent or wrongful act or omission of any employee of the Government . . . ." 28 U.S.C. § 1346(b)(1). It does not provide recourse against the United States for violations of a federal statute. *See Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) (holding that causes of action "are not actionable under the FTCA" where "liability would arise under federal rather than state law"); *Love v. United States*, 60 F.3d 642, 644 (9th Cir. 1995) ("The breach of a duty created by federal law is not, by itself, actionable under the FTCA."); *accord Zelaya v. United States*, 781 F.3d 1315, 1324 (11th Cir. 2015). The Court therefore lacks subject matter jurisdiction over Plaintiff's DTSA claim.[1]

---

[1] Defendant also urges that the Court lacks jurisdiction over Plaintiff's CUTSA claim because Plaintiff erroneously brought the claim against the Presidio Trust rather than against the United States. *See* Dkt. No. 30 at 6. The Court need not determine whether this is fatal to Plaintiff's CUTSA claim because, as explained in Section III.B below, the Court finds that Plaintiff has not stated a claim under either the DTSA or the CUTSA.

5

### B. Failure to State a Claim

The Court further finds that Plaintiff's allegations in the complaint and in the materials under seal are still conclusory and speculative, and insufficient to state a claim on which relief can be granted even liberally construed and viewed in their entirety. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

As the Court has previously noted, the elements of trade secret misappropriation under the DTSA and the CUTSA are essentially the same. *See Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-CV-00933-MMC, 2018 WL 2298500, at *2 (N.D. Cal. May 21, 2018). To state a claim under these statutes, a plaintiff "must identify the trade secrets and carry the burden of showing that they exist," and "should describe the subject matter of the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *See Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164-65 (9th Cir. 1998) (quotation omitted) (emphasis in original). However, the SAC, like Plaintiff's previous complaints, does not sufficiently describe the subject matter of any trade secrets. To the extent Plaintiff urges that he has detailed these alleged trade secrets in his filings under seal, *see* Dkt. No. 36-4, this information is similarly deficient. Plaintiff merely describes a high-level scheme through which Defendant could obtain money by allowing people to reside and work in the Presidio. *Id.* The Court finds that this broad description of Plaintiff's purported "trade secrets" is indistinguishable from matters of general knowledge, such that Plaintiff has not met his burden to identify protectable trade secrets. "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff has again failed to allege the level of factual detail necessary to survive a motion to dismiss.

### IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff has had ample

1 opportunity to address the deficiencies that the Court identified but has been unable to do so.
2 Plaintiff's proposed TAC continues to suffer from the same deficiencies as his prior complaints
3 and relies on the same documentation that the Court has found insufficient here.  *See* Dkt. No. 43-
4 1.  The Court therefore finds at this stage that even if it provided Plaintiff the opportunity to
5 amend the complaint again, Plaintiff could not provide the detail necessary to state a claim.  The
6 Court, therefore, dismisses this action without leave to amend.  Plaintiff's motion to file a third
7 amended complaint is **DENIED**.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  11/19/2020

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge